1

2

3                                                          **O**

4                                                   NO JS-6

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  KHALID BAZZI,               )  Case No. CV 11-00482 DDP (Ex)
                                )
12          Plaintiff,          )  **ORDER GRANTING DEFENDANT'S MOTION**
                                )  **FOR SUMMARY JUDGMENT**
13      v.                      )
                                )
14  ANTIOCH UNIVERSITY,         )  [Docket No. 21]
                                )
15          Defendant.          )
    _____ )
16

17      Presently before the court is Defendant Antioch University's

18  Motion for Summary Judgment ("Motion").  Having reviewed the

19  parties' moving papers, the court grants the Motion and adopts the

20  following Order.

21  **I.    BACKGROUND**

22      Plaintiff Khalid Bazzi ("Plaintiff") applied for admission to

23  Defendant Antioch University ("Antioch") on December 4, 2006.[1]

24  (Decl. of Tex Boggs in Supp. of Mot. ("Boggs Decl."), Ex. F.)  On

25  _____

26      [1]  The court finds these facts taking the evidence in the
27  light most favorable to Plaintiff.  The court recognizes that
    Plaintiff failed to timely file his Opposition or the required
    Statement of Genuine Disputes.  See C.D. Cal. L.R. 7-9 & 56-2.
28  However, because Plaintiff is proceeding pro se and there are no
    genuine factual disputes, the court will consider Plaintiff's
    documents and the arguments therein.

1  December 7, 2006, Antioch admitted Plaintiff to its "Master of Arts
2  in Clinical Psychology *child studies* Program" ("Psychology
3  Program"). (Id., Ex. G.)  Plaintiff started attending Antioch in
4  January 2007.  On October 15, 2007, Plaintiff entered into a
5  Clinical Training Agreement ("CTA") with Antioch and a third-party
6  clinical training site and supervisor. (Decl. of Jonathan S.
7  Longino in Supp. of Mot. ("Longino Decl."), Ex. C at 25-37.)  As
8  required by California law, the CTA governed the site-based
9  clinical training for which Plaintiff had registered as part of his
10 studies.  See Cal. Bus. & Prof. Code § 4980.42.

11     On November 15, 2007, Plaintiff received a letter from
12 Antioch, informing him that he had been dismissed from Antioch's
13 Psychology Program.  Antioch stated that it had made the decision
14 following a performance review by the Program's faculty, prompted
15 by Plaintiff's termination from his clinical training. (Longino
16 Decl., Ex. C at 38.)  Plaintiff disputes that this was the true
17 basis for his dismissal. (Opp'n at 1-3.)  From December 2007 to
18 March 2008, Plaintiff appealed his dismissal, which Antioch upheld
19 in various decisions. (Declaration of Susan Nero in Supp. of Mot.,
20 Exs. I & M; Longino Decl., Exs. Q & R.)  On March 25, 2008,
21 Plaintiff sent a letter to Antioch stating that he would proceed
22 with a lawsuit within one week unless he were reinstated. (Boggs
23 Decl., Ex. H at 17.)  Antioch did not respond.

24     Plaintiff ultimately filed a Complaint against Antioch for
25 breach of contract on October 12, 2010, in Los Angeles County
26 Superior Court.  Antioch removed the action to this court on
27 January 14, 2011, based on diversity jurisdiction.  On December 6,
28 2011, Antioch filed this Motion for Summary Judgment, arguing that

1  Plaintiff's claim is barred by California's two-year statute of
2  limitations for oral and implied contracts.  In response, Plaintiff
3  contends that his claim is based upon an express written contract,
4  and therefore not time-barred.  As evidence of the alleged written
5  contract, Plaintiff points to: 1) his initial application and
6  Antioch's admission letter; 2) Antioch's 2006 to 2008 "General
7  Catalog"; and 3) the Clinical Training Agreement.  The court finds,
8  however, that none of these documents constitute a written contract
9  that can support Plaintiff's breach of contract claim.  Plaintiff's
10  action is therefore time-barred, and Defendant is entitled to
11  summary judgment.

12 **II.  LEGAL STANDARD**

13      Summary judgment is appropriate where "the pleadings, the
14  discovery and disclosure materials on file, and any affidavits show
15  that there is no genuine issue as to any material fact and that the
16  movant is entitled to a judgment as a matter of law."  Fed. R. Civ.
17  P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 324
18  (1986).  In deciding a motion for summary judgment, the evidence is
19  viewed in the light most favorable to the non-moving party, and all
20  justifiable inferences are to be drawn in its favor.  Anderson v.
21  Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

22      A genuine issue exists if "the evidence is such that a
23  reasonable jury could return a verdict for the nonmoving party,"
24  and material facts are those "that might affect the outcome of the
25  suit under the governing law."  Id. at 248.  No genuine issue of
26  fact exists "[w]here the record taken as a whole could not lead a
27  rational trier of fact to find for the non-moving party."

28

3

1  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574,

2  587 (1986).

3       It is not enough for a party opposing summary judgment to

4  "rest on mere allegations or denials of his pleadings." <u>Anderson</u>,

5  477 U.S. at 259.  Instead, the nonmoving party must go beyond the

6  pleadings to designate specific facts showing that there is a

7  genuine issue for trial. <u>Celotex</u>, 477 U.S. at 325.  The "mere

8  existence of a scintilla of evidence" in support of the nonmoving

9  party's claim is insufficient to defeat summary judgment.

10 <u>Anderson</u>, 477 U.S. at 252.  "Credibility determinations, the

11 weighing of the evidence, and the drawing of legitimate inferences

12 from the facts are jury functions, not those of a judge [when he or

13 she] is ruling on a motion for summary judgment." <u>Id.</u> at 255.

14 **III. DISCUSSION**

15      Under California law, an action for breach of a "contract,

16 obligation or liability founded upon an instrument in writing" is

17 typically subject to a four-year statute of limitations.  Cal. Civ.

18 Proc. Code § 337.  An action for breach of an oral or implied-in-

19 fact contract is instead subject to a two-year limitation period.

20 <u>See</u> <u>id.</u> § 339.  Because Plaintiff filed his Complaint more than two

21 years after the last incident potentially relevant to any breach,

22 there is no dispute that Plaintiff's claim is time-barred unless it

23 is based on an express written contract.

24      "[F]or an action to be based upon an instrument in writing,

25 the writing must express the obligation sued upon." <u>Murphy v.</u>

26 <u>Hartford Accident & Indem. Co.</u>, 177 Cal. App. 2d 539, 543 (1960).

27 Here, Plaintiff alleges in his Complaint that he entered into a

28 contract with Antioch on December 13, 2006.  According to

Plaintiff, the contract provided that he would pay Antioch $42,000 in tuition, in exchange for Antioch "educating [P]laintiff and awarding him a master's degree in clinical psychology at the conclusion of his training."  Plaintiff contends that he performed his obligations, but that Antioch breached the contract by falsely accusing him of program violations, failing to provide him with fair process to challenge the accusations, dismissing him from the program, and failing to refund his tuition.  (Compl. ¶¶ 4-8.)

As evidence that the alleged contract was in writing, Plaintiff first points to his application and letter of admission to Antioch.  Although neither document expresses any obligation material to Plaintiff's claim, Plaintiff further contends that the alleged contract incorporates relevant policies and procedures set forth in Antioch's General Catalog.  The court disagrees.  Neither document makes any reference to the General Catalog.  Nor does Antioch state in the Catalog or elsewhere that it intends to be bound by any of the statements therein.  See Kashmiri v. Regents of Univ. of Cal., 156 Cal. App. 4th 809, 828-29 (2007).  Accordingly, "such statements become part of the enrollment agreement only if they are 'implied-in-fact' contract provisions."  Id.  But here, there is no need to make this determination, since any claim based on such implied provisions would be time-barred, as discussed.

Plaintiff also argues in his Opposition that the Clinical Training Agreement evidences an express written contract.  Although Plaintiff may be right, the alleged contract does not express any obligation that he is suing upon.  As discussed, Plaintiff alleges that Antioch breached its contract to provide him with an education and a degree, by unjustifiably dismissing him from the Psychology

Program.  The CTA, however, addresses only Plaintiff's site-based clinical training with a third party.  It makes no mention of any conditions of Plaintiff's enrollment at or dismissal from Antioch. Thus, the CTA is not a written contract material to Plaintiff's claim.  <u>See</u> <u>McCarthy v. Mt. Tecarte Land & Water Co.</u>, 111 Cal. 328, 340 (1896) ("In order to be founded upon an instrument in writing, the instrument must, itself, contain a contract to do the thing for the nonperformance of which the action is brought.").

**IV.   CONCLUSION**

     For all of these reasons, the court grants Antioch's Motion for Summary Judgment.


IT IS SO ORDERED.



Dated: January 13, 2012

DEAN D. PREGERSON
United States District Judge